IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JAMES CHITTUM                                                                               PLAINTIFF

Case No. 6:15-CV-06044-SOH-BAB

DEPUTY CAIN, SHERIFF                                                                       DEFENDANTS
JASON WATSON (Clark
County), JAIL
ADMINISTRATOR L.
CAIN (Clark County),
JOHN DOE CADDO
VALLEY PATROLMAN,
CLARK'S TOWING, T.J.
BARNETT (Arkadelphia
Police Department), JAIL
ADMINISTRATOR NATE
(Clark County),
DETECTIVE RENEE
(Clark County Sheriff's
Office)


### REPORT AND RECOMMENDATION

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 20, 2015, in the Eastern. District of Arkansas. ECF No. 1. The case was transferred to this District on April 30, 2015. ECF No. 4. After several issues with returned mail, Plaintiff requested and was granted leave to file an Amended Complaint. ECF Nos. 15-16. Plaintiff filed his Amended Complaint on July 19, 2016. ECF No. 17. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

1

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Varner Unit. Plaintiff alleges his constitutional rights were violated by the loss of his personal property upon his arrest and detention in the Clark County Jail ("CCJ") in the summer of 2014 for ten days. ECF No. 17, p. 3. This loss included his 2007 Nissan Altima automobile, which was ultimately sold in a private auction by Defendant Clark's Towing to Defendant Barnett of the Arkadelphia Police Department. He further alleges his house was burglarized while he was in CCJ, using his house key. He alleges when he called 911 to report it, a Clark County Sheriff's Deputy "broke into the conversation and informed Plaintiff that no one from the sheriff's office (who had jurisdiction) would be responding and further told Plaintiff not to call back." ECF No. 17, p. 3-4.

Plaintiff alleges he was arrested again and booked into CCJ on or about December 14, 2014. ECF No. 17, p. 4. Plaintiff alleges he was exposed to black mold in CCJ, despite telling jailers he had COPD. He alleges he filed grievances about the black mold, "but to no avail." He then wrote a letter directly to Defendant Sheriff Watson. At that point he alleges he was placed in isolation in retaliation for the grievances and letter. In isolation, he alleges he was not fed any meals for two days, then fed less than half-rations for the remaining eight days. He alleges he lost "ten pounds or more" during his ten days in isolation. After the ten days in isolation, he was transferred to the ADC for the remainder of his six month parole violation.

ECF No. 17, p. 5. Plaintiff further alleges Defendant Cain took him to the property room on the day he was transferred and hit him in the lower rib cage, resulting in bruised ribs lasting several weeks, and "exasperating" his COPD. ECF No. 17, p. 5.

In December 2015, Plaintiff appeared in Clark County Circuit Court to enter a negotiated plea of guilty, and was sentenced to six years. On or about January 16, 2016, Plaintiff turned himself in to CCJ. Plaintiff alleges he was in Grant County Jail when, on or about February 3, 2016, he was found to be in "serious health distress." ECF No. 17, p. 7. He states he was taken to the Baptist Hospital emergency room via CCJ, where he was quarantined for possible tuberculosis. He was found to be free of tuberculosis, but suffering from "pneumonia and MRSA in his lungs, in addition to COPD." ECF No. 17, p. 7. Plaintiff alleges he was again surrounded by black mold at CCJ, but was afraid to file a grievance because he did not want to be retaliated against again. ECF No. 17, p. 7. Plaintiff does not name anyone in the ADC or Grant County as Defendants regarding the mold. ECF No. 17, pp. 1, 7.

Plaintiff seeks monetary damages to reimburse him for the loss of his personal property and money taken, as well as punitive damages. ECF No. 17, p. 12.

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity

secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1. **Personal Property Loss Claims**

Plaintiff failed to state a cognizable claim under § 1983 for his alleged personal property loss. Even if the deprivation of his property was intentional, Plaintiff has adequate state post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

Arkansas provides a cause of action for return of property, or compensation for property loss, in the form of an action for conversion. Plaintiff could have filed such an action for conversion and failed to do so. Accordingly, because Plaintiff could seek redress in Arkansas state courts for his claim of property loss, he has no claim pursuant to § 1983 in this regard.

2. **First Amendment Retaliation Claims**

Plaintiff alleges he was retaliated against for filing grievances about his exposure to black mold. To prevail on a § 1983 claim for retaliation in violation of the First Amendment, [a Plaintiff] must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least

in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004)).

In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001) (citation omitted); *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir.1990) (same). "Indeed, the retaliatory conduct does not itself need to be a constitutional violation in order to be actionable." *Id. See also Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994) ("[W]hen retaliatory conduct is involved, there is no independent injury requirement."). "Yet, there are some injuries so de minimis that they do not rise to the level of constitutional violation. 'It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.'" *Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014) (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). "The ordinary-firmness test is . . . designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment." *Santiago*, 707 F.3d at 992 (8th Cir. 2013) (citing *Garcia v. City of Trenton*, 348 F.3d 726, 728 (8th Cir.2003).

Because nearly every otherwise routine administrative decision may potentially be viewed as a retaliatory act, it has been recognized that "[r]etaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996). Further, the courts have recognized that prison officials must have broad administrative authority. *Graham*, 89 F.3d at 79. For this reason, it

has been said that "courts must approach prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir.2001) (not every response to a prisoner's exercise of a constitutional right is actionable). *See also Turner v. Mull*, 784 F.3d 485 (8th Cir. 2015) (mere timing of events alone does not establish the requisite causal link); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir.1996) (per curiam) (speculative and conclusory allegations cannot support a retaliation claim).

Plaintiff alleges he wrote a letter to Defendant Watson about the black mold after his grievances were unsuccessful. At this point he was placed in isolation for ten days, fed no rations for two days, and fed half rations or less for the remaining eight days after he wrote a letter to Defendant Watson. Based on these allegations, and reading Plaintiff's complaint liberally as I must at this point, the complaint at least raises an inference Defendant Watson ordered his placement into isolation because Plaintiff complained, by letter, about the conditions in the jail. However, Plaintiff identified no other Defendants as responsible for ordering him to be placed in isolation. Merely listing a Defendant in a case caption is insufficient to support a claim against the Defendant. *Krych v. Hass*, 83 Fed. App'x. 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) ("court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption")). Plaintiff has therefore not alleged sufficient facts to support a First Amendment retaliation claim against any Defendant other than Defendant Watson for his placement in isolation and less than full rations.

Plaintiff also alleges he was assaulted by Defendant Cain just prior to being taken to the ADC, resulting in badly bruised ribs, which remained bruised for several weeks. He further

alleges the assault exacerbated his COPD.  He alleged Defendant Cain told him this was in retaliation for grieving the black mold.  This allegation also supports a claim of First Amendment retaliation at the PLRA screening level.  Further, the allegations in the complaint also support a claim of excessive force against Defendant Cain.

### 3.  Pneumonia and MRSA in the Lungs

Plaintiff claims he was noted to be very ill when he was in Grant County Jail in February 2016, and was taken to Baptist Hospital in Little Rock.  He alleges a diagnosis of pneumonia and "MRSA in the lungs" at Baptist Hospital.  Plaintiff does not state any claims against Grant County Jail.  Instead, it appears he blames his illness on exposure to black mold in CCJ before being placed in Grant County Jail.  Plaintiff makes no allegations he was exposed to MRSA while in CCJ.  Plaintiff did not provide specific dates concerning his time at Grant County, other than stating he was found to be in "serious health distress" on February 3, 2016.  While Plaintiff has not provided any specific factual allegation for his claim that the alleged black mold in CCJ caused his pneumonia, exposure to antigens can cause serious lung conditions in some cases.[1]  Plaintiff has therefore alleged sufficient facts to state a claim for unconstitutional conditions of confinement against Clark County.

For the foregoing reasons, I recommend that Plaintiff's claims against all Defendants except Defendant Watson, Defendant Cain, and Clark County be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  I further recommend Plaintiff's claims of First Amendment retaliation against Defendants Cain and Watson, and

---

[1] *See e.g.* https://www.merckmanuals.com/professional/pulmonary-disorders/interstitial-lung-diseases/hypersensitivity-pneumonitis. (Last visited Aug. 9, 2016).

excessive force against Defendant Cain, remain for further consideration. To the extent Plaintiff's claim for black mold exposure is interpreted as an official capacity claim against Clark County, I recommend it should remain for further consideration as well.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of October 2016.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE